# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JEROME TALLEY, | Case No. 08-1761-TSZ-JPD |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JIM ROGERS, | |
| Defendant. | |

Plaintiff Jerome Talley, proceeding *pro se*, has filed an application to proceed *in forma pauperis* ("IFP") in a proposed § 1983 civil rights lawsuit against Jim Rogers, a King County Superior Court Judge. Dkt. No. 1-2. After careful consideration of Plaintiff's IFP application, proposed complaint, supporting materials, the governing law and the balance of the record, the Court recommends that his case be DISMISSED without prejudice and his IFP application DENIED as moot.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court must dismiss a complaint if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who enjoys immunity from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). An action is frivolous if "it lacks an

REPORT AND RECOMMENDATION
PAGE - 1

arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The United States Supreme Court has also held that courts may dismiss IFP complaints *sua sponte* without notice if the claim is based on an "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

Here, Plaintiff has failed to allege sufficient facts to place the defendant on notice of the nature of his claims. *See* Fed. R. Civ. P. 8(a). Moreover, his complaint also names as the defendant a state court judge who enjoys immunity from suit. *See, e.g., Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . ."). This immunity applies even when the judge is accused of acting maliciously and corruptly. *Id.* Furthermore, any attempt to cure the extreme deficiencies in this case would be futile. Because this action appears frivolous and fails to state a claim upon which relief can be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6).

The Court advises Plaintiff of his responsibility to research the facts and law before filing a complaint in order to determine whether his claim for relief is frivolous. If Plaintiff files another frivolous action, he may be sanctioned. *See* Fed. R. Civ. P. 11. The Court would likely impose a sanction of dismissal on any frivolous complaint. If Plaintiff files numerous frivolous or malicious complaints, the Court may bar him from proceeding in this court as a vexatious litigant. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing vexatious litigant bar order requirements).

Because of the extreme deficiencies in Plaintiff's complaint, this case should be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). As a result, Plaintiff's IFP application should be DENIED as moot. A proposed Order of Dismissal accompanies this Report and Recommendation. If Plaintiff believes that the deficiencies outlined herein can be cured by an

amendment to his complaint, he should lodge an amended complaint as a part of his objections, if any, to this Report and Recommendation.

DATED this 11th day of December, 2008.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3